Garrick S. Lew SBN 61889
Law Offices of Garrick S. Lew & Associates
600 Townsend Street, Suite 329E
San Francisco, CA 94103-4957
Telephone:     (415) 575-3588
Facsimile:     (415) 522-1506
email:         gsl@defendergroup.com

Attorneys for Defendant Johnson Mai

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br>    Plaintiff<br>v.<br>JOHNSON MAI,<br>    a/k/a Zhi Xiong Mai<br>    a/k/a Uncle Hong,<br>    a/k/a Chi Hong Mak,<br>    a/k/a Hong Suk;<br>LISA LEE,<br>    a/k/a Xiao Ling Li;<br>KAI LUN ZHENG,<br>    a/k/a Wai Keung Cheung,<br>    a/k/a Su Ming,<br>    a/k/a Alan Zheng;<br>ZHI EN HUANG,<br>    a/k/a Gao Lo;<br>DAVID YUEN,<br>    a/k/a Lo Wu,<br>    a/k/a Wu So Gor; and<br>ERIC YU HENG CAI<br><br>    Defendants. | No: 3-06-70479 MAG<br><br>[AMENDED PROPOSED] ORDER AND STIPULATION FOR CONTINUANCE FROM SEPTEMBER 14, 2007 TO NOVEMBER 2, 2007 AND EXCLUDING TIME FROM THE SPEEDY TRIAL ACT CALCULATION (18 U.S.C. § 3161(h)(8)(A) AND WAIVING TIME LIMITS UNDER RULE 5.1 |

    With the agreement of the parties, and with the consent of the defendants, the Court enters this order scheduling a status conference on November 2, 2007 at 9:30 a.m. before duty magistrate judge

ELIZABETH D. LAPORT, and documenting the defendants' waiver of the preliminary hearing date under Federal Rule of Criminal Procedure 5.1 and the exclusion of time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(B)(ii) and (iv), from September 14, 2007 2007 to and through November 2, 2007. The parties agree, and the Court finds and holds, as follows:

1. The case is very complex and involves international transactions and shipments, foreign banks and complex monetary transactions, extensive wiretap evidence and conversations in different chinese language dialects. There are multiple defendants and discovery is voluminous. All defense counsel involved are in need of additional time to prepare the case. Furthermore, the government and defense counsel are actively involved in the process of global settlement discussions to resolve all pending charges involving all defendants before the court and additional time is necessary to seek approval of proposed plea agreements with the government.

2. All defendants agree to an exclusion of time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(B)(ii) on the basis of complexity and (iv) continuity of counsel for effective preparation taking into account the exercise of due diligence.

3. The defendants waive the time limits of Federal Rule of Criminal Procedure 5.1 for preliminary hearing.

4. Accordingly, and with the consent of all parties, the Court (1) alternatively sets a preliminary hearing before the duty magistrate judge on November 2, 2007 at 9:30 a.m. and (2) orders that the period from September 14, 2007 to November 2, 2007 be excluded from the time period for preliminary hearings under Federal Rule of Criminal Procedure 5.1 and from Speedy Trial Act calculations under 18 U.S.C. § 3161(b).

IT IS SO STIPULATED:

DATED: September 13, 2007         /s/   Garrick Lew
                                   GARRICK LEW
                                   Attorney for Defendant Johnson Mai

DATED: September 13, 2007         /s/   Alice Wong
                                   ALICE WONG
                                   Attorney for Defendant Lisa Lee

| | | |
|---|---|---|
| DATED: September 13, 2007 | /s/ Gil Eisenberg | |
| | GIL EISENBERG | |
| | Attorney for Defendant Kai Lun Zheng | |
| DATED: September 13, 2007 | /s/ Brian Getz | |
| | BRIAN GETZ | |
| | Attorney for Zhi En Huang | |
| DATED: September 13, 2007 | /s/ Stuart Hanlon | |
| | STUART HANLON | |
| | Attorney for David Yuen | |
| DATED: September 13, 2007 | /s/ Randy Montesano | |
| | RANDY MONTESANO | |
| | Attorney for Eric Cai | |
| DATED: September 13, 2007 | /s/ Thomas Mazzucco | |
| | THOMAS MAZZUCCO | |
| | Assistant United States Attorney | |

IT IS SO ORDERED.

DATED: _____
HONORABLE ELIZABETH D. LAPORT
United States Magistrate Judge

(B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:
  (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
  (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits

Stipulation and Proposed Order for Continuance
[3-06-70479] [MAG]

established by this section.
   (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
   (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Stipulation and Proposed Order for Continuance
[3-06-70479] [MAG]